UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH A. SMITH,<br><br>       Plaintiff,<br><br>   v.<br><br>CORCORAN STATE PRISON, et al.,<br><br>       Defendants.<br>_____/ | 1:09-cv-1134 DLB (PC)<br><br>ORDER DISMISSING CASE FOR FAILURE TO OBEY A COURT ORDER AND FAILURE TO STATE A CLAIM<br><br>DISMISSAL COUNTS AS STRIKE PURSUANT TO 28 U.S.C. § 1915(G) |

Plaintiff is proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983. On March 15, 2010, the court issued an order requiring plaintiff to file an amended complaint within thirty days. More than thirty days have passed and plaintiff has not complied with or otherwise responded to the court's order.[1]

Local Rule 110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See*, *e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address);

---

[1] The United States Postal Service returned the order on March 29, 2010 as undeliverable. A notation on the envelope indicates that plaintiff paroled from prison. However, plaintiff has not notified the court of any change in his address. Absent such notice, service at a party's prior address is fully effective. Local Rule 182(f).

1  *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply
2  with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure
3  to lack of prosecution and failure to comply with local rules).  In determining whether to dismiss an
4  action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the
5  court must consider several factors: (1) the public's interest in expeditious resolution of litigation;
6  (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public
7  policy favoring disposition of cases on their merits; and (5) the availability of less drastic
8  alternatives.  *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130;
9  *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

10          In the instant case, the court finds that the public's interest in expeditiously resolving this
11 litigation and the court's interest in managing the docket weigh in favor of dismissal, as this case has
12 been pending since June 17, 2009.  The third factor, risk of prejudice to defendants, also weighs in
13 favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in
14 prosecuting an action.  *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor --
15 public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in
16 favor of dismissal discussed herein.  Finally, a court's warning to a party that his failure to obey the
17 court's order will result in dismissal satisfies the "consideration of alternatives" requirement.
18 *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132-33; *Henderson*, 779 F.2d at 1424.  The court's order
19 requiring plaintiff to submit an amended complaint expressly stated: "If Plaintiff fails to respond
20 within 30 days, the Court will dismiss this action for failure to obey a court order and failure to state
21 a claim."  Thus, plaintiff had adequate warning that dismissal would result from his noncompliance
22 with the court's order.

23          Accordingly, the court HEREBY ORDERS that this action is DISMISSED based on
24 plaintiff's failure to obey the court's order of March 15, 2010.  This dismissal counts as a strike
25 pursuant to 28 U.S.C. § 1915(g).

26      IT IS SO ORDERED.

27      Dated:    **June 25, 2010**             **/s/ Dennis L. Beck**
                                                UNITED STATES MAGISTRATE JUDGE
28